# The Travellers' Insurance Company *versus* Heath.

95 333
137 384

1. The general principle undoubtedly is, that money collected or paid upon lawful process of execution cannot be recovered back though not justly or lawfully due by the defendant in the execution to the plaintiff, but where the judgment which supported the execution has not only been reversed, but on a re-trial final judgment has been entered in favor of the opposite party, the principle does not apply.

2. Restitution is not of mere right. It is frequently a matter of grace and resting in a sound discretion. Where, therefore, the Supreme Court, upon the reversal of a judgment on which the money was made, refused to grant a writ of restitution, said refusal is not a bar to the recovery of the money, where upon a second trial the verdict was for the defendant.

3. Where a judgment has been thus reversed and upon a new trial judgment has been entered for defendant, assumpsit will lie to recover back the money paid under the execution.

October 7th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county :* Of October and November Term 1879, No. 337.

Assumpsit by John Heath against the Travellers' Insurance Company, of Hartford, Connecticut, to recover back money paid

[Travellers' Ins. Co. *v.* Heath.]

under an execution upon a judgment which was subsequently reversed by the Supreme Court.

The insurance company, on January 30th 1873, brought an action of debt in the Common Pleas, No. 2, of Allegheny county, on a bond given by Thorne, John Heath and Andrew F. Baum to the company. The company was a Life and Accident Insurance Company, and the bond dated July 25th 1870, on which the action was brought, recited that Thorne had been duly appointed agent of the company for the western part of Pennsylvania, and that, as such agent, he would receive divers sums of money and other effects of the company, and it was conditioned that Thorne should promptly pay to it the amounts received from time to time, &c.

Thorne acted for some time as agent, but, neglecting to pay over premiums collected by him, the company demanded the same of the sureties, Heath and Baum, and they not being paid, the action of debt was brought on the bond to recover the premiums for insurance which Thorne had received.

On the trial of that cause in the court below, the jury found that Thorne had received, of the premiums due the insurance company, the sum of $1847.08, and for this amount judgment was entered against Thorne, Heath and Baum.

In that case, Thorne and Heath and Baum defended on the ground that the Travellers' Insurance Company, being a corporation of the state of Connecticut, had not complied with the Act of the General Assembly of this state, approved April 11th 1868, Pamph. L. 831, relating to insurance companies, in reference to the appointment of agents, &c.; and that, therefore, they could not maintain the action. The court below declined so to hold, and the cause was removed to this court by writ of error to October and November Term 1874; Heath, Thorne and Baum, with sureties, entering into the usual recognisance in order to effect a *supersedeas.* This writ, on the 3d of November 1874, was non-prossed, and thereupon a *remittitur* was issued out of this court, and the record taken down to the Court of Common Pleas, No. 2. A writ of fieri facias was then issued out of the Common Pleas Court on the judgment against Heath, Thorne and Baum, and the money paid by Heath; the sheriff's return on the writ being : "Money made, paid by John Heath." Subsequently, another writ of error was sued out to this court at October and November Term 1875, a report of which case will be found in 30 P. F. Smith 28. This court there held that the insurance company could not maintain the action, because of its failure to comply with the Act of 1868, in taking out a license and filing the name of agents, &c., and reversed the judgment granting a venire. Heath then made application by petition to this court, setting forth the preceding facts, and asking for an order of restitution, which this court refused to grant him. The cause again

[Travellers' Ins. Co. v. Heath.]

came on for trial in the Common Pleas, No. 2, and was ruled on the decision of this court above referred to, that the insurance company could not recover. Heath then brought this action to recover the money he had paid on the fi. fa. issued as aforesaid out of the Common Pleas, No. 2. The declaration contained the common counts for money had and received and the plea was the general issue and payment.

Upon the trial, before Collier, J., the defendant offered to prove that the money for which this suit was brought was paid by Heath on account of moneys belonging to the defendant received by Thorne as their agent, for which Heath was liable as surety under the conditions of his bond.

"Objected to and objection sustained." (10th assignment of error.)

The defendant submitted the following points, to which are append the answers of the court.

1. That a payment without compulsion is a voluntary payment, and if they find the alleged payment by Heath to have been made without compulsion they must find for defendant.

Ans. "Affirmed."

2. That compulsion in this case, under the evidence, would be a levy upon the property of said Heath, and a payment by him to relieve his property from the levy; and if no such levy was made, and he, without that, paid the debt, your verdict must be for defendant.

Ans. "Refused." (1st assignment.)

3. That the return of the sheriff, "Money made; paid by John Heath," implies a voluntary payment, and that the return of the sheriff being of record is conclusive, and John Heath cannot recover in this case.

Ans. "Refused." (2d assignment.)

4. That by the bond dated July 25th 1870, the said plaintiff, John Heath, in equity and good morals, undertook to pay to the Travellers' Insurance Company the very moneys that he has paid, to wit: Such moneys as Robert Thorne should receive as their agent after the date of said bond, and not pay over, and if the jury find that the moneys paid by John Heath are such moneys, then he cannot recover.

Ans. "Refused." (3d assignment.)

5. That the entering into the recognisance for writ of error to Supreme Court by John Heath was a voluntary undertaking by him; and, according to the condition thereof, he agrees to pay if the writ was not prosecuted with effect; and as that writ was not prosecuted with effect, and the money he subsequently paid was the condemnation money, and costs as therein provided, he cannot in this action recover the money so paid.

Ans. "Refused." (4th assignment.)

[Travellers' Ins. Co. v. Heath.]

6. That if the jury find that the moneys paid by Heath to have been paid after the first writ of error in the Supreme Court was non-prossed, the reversal of the judgment and all subsequent proceedings cannot aid Heath in recovering the money back.

Ans. " Refused."   (7th assignment.)

7. The plaintiff, John Heath, having failed to prosecute the writ of error with effect, in pursuance of the recognisance taken —which recognisance, and the records of the case in which it was taken, are now in evidence—the said John Heath became liable to pay the condemnation money and costs, and having done so cannot recover in this action for said money so paid.

Ans. " Refused."   (5th assignment.)

8. The said John Heath having applied for a writ or order of restitution as per his petition in evidence, which order of restitution against the defendant company was refused, and it being for the same money for which this action was brought, the plaintiff could not recover.

Ans. " Refused."   (6th assignment.)

10. Under all the evidence in the case the plaintiff cannot recover.

Ans. " Refused."   (8th assignment.)

In the general charge, the court, Collier, A. L. J., inter alia, said :

" Now, if Mr. Heath paid that money voluntarily, without any execution having been issued against him, or without any threat of execution, he could not recover it back here ; but if he knew the execution was issued, and that his property was bound, and there might be a levy made, and he be forced to pay the money, then if he would go and pay it, that would not be a voluntary payment; it would be compulsory."   (9th assignment.)

The verdict was for plaintiff and after judgment thereon defendant took this writ and alleged that the court erred as set forth in the above assignments of error.

*D. T. Watson* and *S. M. Raymond*, for plaintiff in error.— This action of assumpsit cannot be maintained, because, the only evidence on the question of compulsory payment is the fact that a fi. fa. was issued, and the return of the sheriff.   There was no levy upon the goods of Heath, and no aggressive steps to compel him to pay, except the mere fact that the fi. fa. was issued.  On the issuing of the fi. fa. he paid the amount of the writ.   The burden was on the plaintiff, to show payment by compulsion; failing in this he had no case.   His only evidence to prove it was the fi. fa.   We submit that the mere issuing of said writ did not sustain the burden: Colwell v. Peden, 3 Watts 327 ; Webber v. Aldrich, 2 N. H. 461; Knobbs v. Hall, 1 Esp. 84; 3 Bos. & Pul. 520 ; Atlee v. Backhouse, 3 N. & W. 633 ; Wilcox v. How-

[Travellers' Ins. Co. v. Heath.]

land, 23 Pick. 167; Borough of Allentown v. Saeger, 8 Harris 421.

Money collected or paid upon lawful process of execution cannot be recovered back in assumpsit, though not justly or lawfully due by the defendant in the execution to the plaintiff: Federal Ins. Co. v. Robinson, 1 Norris 359; Finnel v. Brew, 2 W. N. C. 622; Walton v. Robb, 1 Ashmead 43; Herring v. Adams, 5 W. & S. 459.

This was ruled in England so early as the case of Marriott v. Hampton, 7 Term Rep. 269, where the judges thought it was so clear that they would not even grant a rule to show cause why a nonsuit entered on this ground should not be set aside. It has there been carried so far that where money was paid after an action brought and before judgment entered, it was ruled, it could not be recovered: Hamlet v. Richardson, 9 Bing. 644; Milnes v. Duncan, 6 B. & C. 679; Fisher v. Sawnder, 1 Camp. 190.

The refusal of the writ of restitution was conclusive on Heath that he could not recover the money by him paid to the company: Breading v. Blocher, 5 Casey 349; Harger v. Commissioners, 2 Jones 251; Thorne and Heath v. Ins. Co., 30 P. F. Smith 28.

The count for money had and received is an equitable action, and under the general issue the defendant may go into all the equities of the case, and if he may in good conscience retain the money there can be no recovery: Barr v. Craig, 2 Dall. 151; Haldane v. Duche, 2 Id. 176.

The money which Heath paid was money belonging to the company which Thorne received by reason of the bond which Heath gave to the company. In equity and good conscience the company had the right to receive and retain it. The money which the company received from Heath was just what was due by reason of the recognisance of Heath as bail in error. The writ of error was not prosecuted with effect.

W. S. Purviance and H. W. Weir, for defendant in error.— Assumpsit is the proper action where money has been received under a judgment which has been reversed or where the court has no jurisdiction: Duncan v. Kirkpatrick, 13 S. & R. 294; Newdigate v. Davy, 1 Raymond 742; Marriott v. Hampton, 2 Esp. N. P. Rep. 546–48 note.

Mr. Justice STERRETT delivered the opinion of the court, October 18th 1880.

After reversal of the judgment obtained by the present plaintiff in error against Robert Thorne and his sureties, it was finally determined, on the second trial, in accordance with the judgment of this court, reported in 30 P. F. Smith 15, that the insurance com-

14 NORRIS—22

pany had no right to recover the amount of the premiums, &c., for which suit was brought, for the reason that the company, during the time that Thorne, acting as its agent, collected the same, was doing business within this Commonwealth in direct contravention of the law relating to foreign insurance companies. It was held in that case that the legislature had a clear right to prescribe the conditions under which foreign corporations may do business in this state, and the mode of appointing and qualifying their agents, and that actions, based upon transactions prohibited by the statute cannot be maintained in our courts. The general principle, underlying the decision, is that courts will not aid a party in an action grounded on an immoral or illegal act; and it is right that it should be so, because if foreign insurance companies were aided by our courts in gathering the fruits of their illegal acts done in palpable violation of the statute, it would soon become practically a dead letter as to many of them.

For the reasons stated, it was thus definitively settled that the Travellers' Insurance Company had no legal claim upon the bond against either Thorne or his sureties for the premiums collected by him; and it is difficult to understand upon what principle of equity or sound morality the company could claim to collect and retain, as against one of the sureties, money which represented the fruit of illegal transactions.

The first writ of error sued out by Thorne and his sureties was *non prossed* by this court in 1874, whereupon the record was remitted and an execution was issued, upon which, according to the sheriff's return, the money was collected from John Heath, one of the sureties. An alias writ of error was then purchased, and upon it, in 1875, the judgment was reversed and a *venire facias de novo* awarded. The new trial resulted in a verdict and final judgment in favor of Thorne and his sureties, as above stated. The present action was then brought by John Heath to recover back the money which he was compelled to pay on the execution, and to which, according to the final judgment of the court, the defendant company had no legal claim.

The first assignment of error is the refusal of the court to charge "That compulsion, in this case, under the evidence, would be a levy upon the property of Heath and a payment by him to relieve his property from the levy; and if no such levy was made, and he without that paid the debt, the verdict must be for the defendant." The second is the refusal of the court to charge, "That the return of the sheriff, '*money made; paid by John Heath*,' implies a voluntary payment, and that the return of the sheriff being of record, is conclusive, and John Heath cannot recover in this case."

The substance of the contention in these two assignments, together with the ninth, is that, inasmuch as it does not appear

that a levy was actually made on the property of Heath before he paid the money to the sheriff, the payment was voluntary, and therefore he could not recover. We cannot assent to this proposition. The first writ of error, by which the execution had theretofore been restrained, was *non prossed,* the execution was issued and at once became a lien on all of Heath's personal property in the county from the time it was placed in the sheriff's hands. Heath had no alternative but to pay the money or submit to the seizure and sale of his property. Under these circumstances, payment of the money to the sheriff on the execution was not, in any proper sense of the term, a voluntary payment; on the contrary, it was under stress of the execution, and therefore compulsory. The learned judge had affirmed defendant's first point, " That a payment without compulsion is a voluntary payment, and if the jury find the alleged payment by Heath to have been made without compulsion, they must find for the defendant." The question was thus, by defendant's request, submitted to the jury; but in any aspect of the case, there was no error in refusing to affirm the second and third points, or in charging as complained of in the ninth assignment.

The third, fourth and fifth assignments are not sustained. The principle involved in the third was broadly settled in Thorne et al. *v.* Insurance Co., *supra;* nor does his recognisance, entered into when he took the first writ of error, or the *non prossing* of the writ stand in the way of his recovery. The money which he seeks to recover back was not collected under the recognisance, but on the execution issued on the original judgment.

The contention in the sixth assignment is that the refusal of this court to grant a writ of restitution immediately upon the reversal of the first judgment is a bar to this action. We do not think so. Restitution is not always of right; it is frequently a matter of grace, and the refusal to grant the writ before the second trial was had, and the right of the insurance company to recover the amount of premiums collected finally determined, cannot be a bar to the present suit instituted after the first was ended. In Harger *v.* Commissioners of Washington Co., 2 Jones 251, it is said, " Restitution is not of mere right. It is *ex gratia,* resting in the exercise of a sound discretion, and the court will not order it where the justice of the case does not call for it." In refusing the order of restitution the court may have been influenced by the fact apparent on the record, that the plaintiff in error was guilty of laches in not prosecuting his first writ of error, and permitting the same to be *non prossed,* whereby he lost the benefit of his writ as a *supersedeas;* but, on whatever ground it may have been refused, we are of opinion that the refusal at the time and under the circumstances is not a bar to the present action.

What has already been said is a sufficient answer to the seventh

[Travellers' Ins. Co. *v.* Heath.]

and eighth assignments, both of which present the general question of the right of the plaintiff below to recover. The general principle undoubtedly is, that money collected or paid upon lawful process of execution cannot be recovered back, though not justly or lawfully due by the defendant in the execution to the plaintiff. Cases in which the principle is recognised are numerous, but in none of them is the reason more clearly and forcibly stated than in Federal Insurance Company *v.* Robinson, 1 Norris 359. They are cases in which the judgment on which the execution issued was never reversed or vacated. Where, as in the case before us, the judgment which supported the execution has not only been reversed, but, on a retrial, final judgment has been entered in favor of the opposite party, the principle does not apply. In Duncan *v.* Kirkpatrick, 13 S. & R. 292, Chief Justice GIBSON remarks " that assumpsit is the proper action when the money has been received under a judgment which has been reversed;" but he restricts its application to cases of reversal without any order of restitution.

The offer which is the subject of complaint in the last assignment was properly rejected.

Judgment affirmed.